IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARLIN SHAWN MILLER,<br>　*Plaintiff*, | §<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. 1:21-cv-204-LY |
| TEXAS ALCOHOLIC BEVERAGE<br>COMMISSION,<br>　*Defendant.* | §<br>§<br>§ | |

**DEFENDANT'S ANSWER**

TO THE HONORABLE LEE YEAKEL:

Defendant Texas Alcoholic Beverage Commission ("TABC") files this answer to Plaintiff's Original Complaint [Doc. #1]. These numbered paragraphs and titles correspond to the paragraphs within the Plaintiff's Original Complaint.

### I.   Nature of the Case

1.　Defendant admits that Plaintiff brings this action under Title VII. Otherwise, deny.

### II.   Parties and Service of Process

2.　Admit.

3.　Admit.

### III.   Jurisdiction and Venue

4.　Admit that TABC's headquarters are in Austin. The remainder of the paragraph asserts legal conclusions regarding jurisdiction and venue, and thus no factual response is required.

### IV.   Factual Background

5.　Admit in part and deny in part. Defendant denies the assertion that the plaintiff never received reprimands or discipline during his employment. Defendant denies that the plaintiff ever

served as an instructor at its peace officer academies. Defendant lacks knowledge or information sufficient to form a belief about the truth of whether the plaintiff has ever served as an instructor at other police academies. Otherwise admitted.

6.   Admit in part and deny in part. Defendant denies the assertion that the Plaintiff informed Defendant that Chief Victor Kuykendoll physically assaulted another employee. Defendant denies that the Plaintiff expressed concerns about retaliation, and therefore denies that it assured the Plaintiff that there would be no retaliation against him. Otherwise admitted.

7.   Defendant admits that Plaintiff submitted a written statement dated August 21, 2018. Otherwise, Defendant denies the Plaintiff's allegations contained in the written statement.

8.   Deny.

9.   Deny.

10.  Admit in part and deny in part. Defendant admits that it made Victor Kuykendoll its Chief of Enforcement after he served in that position on an acting basis. Otherwise deny.

11.  Deny.

12.  Deny.

13.  Deny.

14.  Admit.

15.  Admit.

16.  Deny.

### V.   Causes of Action

17.  This paragraph asserts a legal conclusion, and thus no factual response is required.

18.  Admit.

19.  Admit.

20. Deny.

21. Deny.

22. Deny.

### VI. Damages

23. Deny.

### VII. Attorneys' Fees

24. Deny.

### VIII. Administrative Prerequisites

25. This paragraph asserts a legal conclusion regarding administrative exhaustion, and thus no factual response is required.

### IX. Demand for Jury Trial

26. This paragraph is just a demand for a jury trial, and does not require a response.

### AFFIRMATIVE DEFENSES

Pleading further, Defendant asserts the following affirmative defenses:

1. Defendant asserts the defenses of Eleventh Amendment immunity and sovereign immunity from suit and liability for all claims to which these defenses apply.

2. Defendant asserts that Plaintiff's Original Complaint fails to state a claim upon which relief can be granted.

3. Plaintiff's claims, in whole or in part, are time barred by the applicable statute of limitations period.

4. Defendant asserts that all actions regarding Plaintiff were appropriate and were taken for legitimate, non-retaliatory reasons.

5. Defendant asserts that any and all decisions regarding Plaintiff would have been taken regardless of Plaintiffs' alleged protected activities.

6. Defendant asserts it is entitled to the "after-acquired evidence" defense in that evidence acquired through discovery independently supports a non-discriminatory basis for any employment decisions regarding Plaintiff.

7. Defendant asserts Plaintiff has failed to mitigate his damages, if any.

8. Defendant asserts that Plaintiff's own acts or omissions caused or contributed to Plaintiff's injuries, if any.

9. Defendant asserts that Plaintiff's claims are barred, in whole or in part, by waiver, estoppel, or unclean hands.

10. Defendant reserves the right to assert additional defenses as they may become apparent in the factual development of this case.

WHEREFORE, PREMISES CONSIDERED, Defendant TABC prays that Plaintiff take nothing by his suit, and that all costs be taxed against him. Defendant further prays that this Court grant it any other further relief to which it may be justly entitled both in law and in equity.

Date: March 26, 2021

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

THOMAS ALBRIGHT
Chief - General Litigation Division

/s/ *Drew L. Harris*
**DREW L. HARRIS**
Texas Bar No. 24057887
Manager of Employment Litigation
General Litigation Division
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548, Capitol Station
Austin, TX  78711-2548
Telephone: (512) 463-2120
Facsimile: (512) 320-0667
drew.harris@oag.texas.gov
***ATTORNEYS FOR DEFENDANT***

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served via ECF, on this the **26th day of March, *2021***, upon the following individual at the listed address:

Michael L. Scanes
Email: scanes@scanesrouth.com
Joel S. Shields
E-mail: shields@scanesrouth.com
***ATTORNEY FOR PLAINTIFF***

/s/ *Drew L. Harris*
**DREW L. HARRIS**