FILED

MAR 2 2022

CLERK. U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MARLIN SHAWN MILLER, § | |
| *Plaintiff,* § | |
| § | |
| v. § | Civil Action No. 1:21-cv-204-JRN |
| § | |
| TEXAS ALCOHOLIC BEVERAGE § | |
| COMMISSION, § | |
| *Defendant.* § | |

## JURY CHARGE

### Instruction No.1: Preliminary Instructions

Members of the jury panel, if you have a cell phone, PDA, smart phone, iPhone or any other wireless communication device with you, please take it out now and turn it off. Do not turn it to vibrate or silent; power it down. During jury selection, you must leave it off.

There are certain rules you must follow while participating in this trial.

First, you may not communicate with anyone about the case, including your fellow jurors, until it is time to deliberate. I understand you may want to tell your family, close friends and other people that you have been called for jury service so that you can explain when you are required to be in court. You should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence, until after I accept your verdict or excuse you as a juror.

Similarly, you must not give any information to anyone by any means about this case. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging ser- vice, any Internet chat room, blog, or website such as Facebook, YouTube, Snapchat, Instagram, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror. This includes any information about the parties, witnesses, participants, claims, evidence, or anything else related to this case.

Second, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel. Some of the people you encounter may have some connection to the case. If you were to speak with them, that could create an appearance or raise a suspicion of impropriety.

Third, do not do any research—on the Internet, in libraries, in books, newspapers, magazines, or using any other source or method. Do not make any investigation about this case on

1

your own. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or view any place discussed in the testimony. Do not in any way research any information about this case, the law, or the people involved, including the parties, the wit- nesses, the lawyers, or the judge, until after you have been excused as jurors. If you happen to see or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect the parties' right to have this case decided only on evidence they know about, that has been presented here in court. If you do any research, investigation, or experiment that we do not know about, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, which includes the oath to tell the truth and cross-examination. It could also be unfair to the parties' right to know what information the jurors are relying on to decide the case. Each of the parties is entitled to a fair trial by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide the case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions could result in the case having to be retried.

### **Instruction No. 2: General Instructions**

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict. You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish be- tween the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admit- ted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be

influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

Plaintiff Marlin Shawn Miller has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff Miller has failed to prove any element of his claim by a preponderance of the evidence, then she may not recover on that claim.

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

### Instruction No. 3:  Witnesses

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

When testimony or an exhibit is admitted for a limited purpose, you may consider that testimony or exhibit only for the specific limited purpose for which it was admitted.

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**Instruction No. 4:  No Inference From Filing Suit**

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

**Instruction No. 5:  Retaliation Claim**

Plaintiff Miller claims that Defendant TABC retaliated against him for engaging in protected activity under Title VII. Plaintiff Miller claims that he participated as a witness in a Title VII investigation, and that Defendant TABC retaliated against him for this participation by terminating his employment. Defendant TABC denies Plaintiff Miller's claims and contends that it terminated Plaintiff Miller at-will for having a negative attitude and being difficult to manage.

It is unlawful for an employer to retaliate against an employee for engaging in activity protected by Title VII. To prove unlawful retaliation, Plaintiff Miller must prove by a preponderance of the evidence that:

1. Plaintiff Miller engaged in protected activity by participating as a witness in a Title VII investigation;

2. Defendant TABC terminated Plaintiff's employment; and

3. Defendant TABC's decision to terminate Plaintiff's employment was on account of his protected activity—that is, his participation as a witness in a Title VII investigation.

You need not find that the only reason for TABC's decision was Plaintiff Miller's protected activity. But you must find that its decision to terminate Plaintiff Miller at-will would not have occurred in the absence of—but for—his protected activity. If you disbelieve the reason Defendant TABC has given for its decision, you may, but are not required to, infer that Defendant TABC would not have decided to terminate Plaintiff's employment but for him engaging in the protected activity.

**Instruction No. 6: Damages**

If you found that Defendant TABC violated Title VII, then you must determine whether Defendant TABC has caused Plaintiff damages and, if so, you must determine the amount, if any, of those damages.

You should not interpret the fact that I have given instructions about Plaintiff Miller's damages as an indication in any way that I believe that he should, or should not, win this case. It is your task first to decide whether TABC is liable. I am instructing you on damages only so that you will have guidance in the event you decide that TABC is liable, and that Plaintiff Miller is entitled to recover money from TABC.

Plaintiff Miller must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. On the other hand, Plaintiff need not prove the amount of his losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of actual damages, and no others: (1) the amount of back pay and benefits Plaintiff Miller would have earned in his employment with TABC if he had remained employed from June 19, 2019, to the date of your verdict, minus the amount of earnings and benefits that Miller received from employment during that time; and (2) compensatory damages, which includes mental anguish, stress, pain, anxiety, loss of enjoyment of life, and other damage.

Back pay includes the amounts the evidence shows that Plaintiff Miller would have earned had he remained employed by TABC. These amounts include wages or salary and such benefits as life and health insurance, stock options, and contributions to retirement. You must subtract the amounts of earnings and benefits TABC proves by a preponderance of the evidence Plaintiff Miller received during the period in question.

Defendant TABC claims that Plaintiff Miller failed to mitigate his damages, and that Plaintiff's own acts caused or contributed to his injuries. Plaintiff Miller has a duty under the law to mitigate his damages, that is, to exercise reasonable diligence under the circumstances to minimize his damages.

To succeed on this defense, Defendant TABC must prove, by a preponderance of the evidence: (a) that there was substantially equivalent employment available; (b) Plaintiff Miller failed to use reasonable diligence in being employed in those positions; and (c) the amount by which Plaintiff Miller's damages were increased by his failure to take such reasonable actions.

"Substantially equivalent employment" in this context means a job that has virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the job he lost. Plaintiff does not have to accept a job that is dissimilar to the one he lost,

5

one that would be a demotion, or one that would be demeaning. The reasonableness of Plaintiff Miller's diligence should be evaluated in light of his individual characteristics and the job market.

To recover compensatory damages for mental and emotional distress, Plaintiff Miller must prove that he has suffered a specific discernable injury with credible evidence. Hurt feelings, anger, and frustration are part of life and are not the types of harm that could support a mental-anguish award. Evidence of mental anguish need not be supported by doctors, psychologists, or other witnesses, but Plaintiff Miller must support his claims with competent evidence of the nature, extent, and duration of the harm. Damages for mental or emotional distress must be based on the evidence at trial. They may not be based on speculation or sympathy.

There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate Plaintiff for any injury he has sustained. Do not include as compensatory damages back pay, front pay, or interest on back pay or benefits.

## Instruction No. 7: Duty to Deliberate; Notes

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.