**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **MARLIN SHAWN MILLER,** | § | |
| *Plaintiff* | § | |
| | § | **A-21-CV-00204-JRN** |
| **-vs-** | § | |
| | § | |
| **TEXAS ALCOHOLIC BEVERAGE** | § | |
| **COMMISSION,** | § | |
| *Defendant* | § | |

## <u>FINAL JUDGMENT</u>

Before the Court is the above-entitled and styled cause of action. On March 3, 2021, Plaintiff Marlin Shawn Miller ("Miller") commenced this action against Defendant Texas Alcoholic Beverage Commission ("TABC") under Title VII alleging he was unlawfully terminated. On March 1, 2022, the Court empaneled a jury, and trial commenced in this case. On March 2, 2022, the parties closed, the Court charged the jury, and the jury retired to deliberate on a verdict. On the same day, the jury returned a unanimous verdict.[1]

Specifically, the jury unanimously reached the following four factual findings on liability from a preponderance of the evidence:

1.  That  Plaintiff Miller would not have been terminated but for his participation as a witness in a Title VII investigation.[2]

2.  That Plaintiff Miller did not fail to reduce his damages through the exercise of reasonable diligence in seeking, obtaining, and maintaining substantially equivalent employment after the date of his termination.[3]

---

[1] *See* ECF Dkt. No. 50
[2] *See* ECF Dkt. No. 50 at p.2
[3] *See* ECF Dkt. No. 50 at p.3

Based on the foregoing factual findings on liability, the jury found from a preponderance of the evidence that the following damages would fairly compensate Plaintiff Miller for his Injuries:

1. $125,000.00 for past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;[4]

2. $125,000.00 for future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;[5] and

3. $37,500.00 for wages and benefits from June 20, 2019, through March 2, 2022.[6]

On March 15, 2022, Miller filed a Motion For Entry of Judgment[7] requesting this Court to enter judgment consistent with the Jury's verdict and in addition asking for:

1. $850,000.00 in front pay and loss of retirement benefits;

2. $22.26 a day in prejudgment interest on past damages of $162,500.00 (representing $37,500.00 back pay and benefits award, and past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life in the amount of $125,000.00) for each day between June 19, 2019 (date of termination), and the date judgment is entered by the Court; and

3. Post-judgment interest, compounded annually, at the rate set by 18 U.S.C. § 1961, until TABC satisfies the judgment.

On March 29, 2022, TABC filed a response disputing that the front pay award should be denied or reduced, and that the prejudgment interest should only be applied to the $37,500.00 back pay award.[8] On April 5, 2022, Miller filed a reply reiterating his requests.[9]

---

[4] *See* ECF Dkt. No. 50 at p.2
[5] *See* ECF Dkt. No. 50 at p.2
[6] *See* ECF Dkt. No. 50 at p.2
[7] *See* ECF Dkt. No. 53

The court finds that front pay is not appropriate in this case. When reinstatement is not feasible, the Court may award front pay. *Reneau v. Wayne Griffin & Sons, Inc.*, 945 F.2d 869, 870 (5th Cir. 1991). However, the decision to award front pay damages "is governed by the district court's discretion and is not always appropriate." *Floca v. Homcare Health Servs. Inc.*, 845 F.2d 108, 112 (5th Cir. 1988). "[A]lthough [the Fifth Circuit] will generally accord 'wide latitude' to the district courts in the determination of front pay, [the Circuit] ha[s] also emphasized that such awards must be carefully crafted to avoid a windfall to the plaintiff." *Palasota v. Haggar Clothing Co.,* 499 F.3d 474, 491 (5th Cir. 2007) (quoting *Deloach v. Delchamps, Inc.*, 897 F.2d 815, 822 (5th Cir. 1990)). A substantial compensatory and/or punitive damages award may indicate that an award of front pay is inappropriate. *See Reynolds v. Octel Communications Corp.*, 924 F.Supp. 743, 748 (N.D. Tex. 1995).

In awarding front pay, courts consider the length of prior employment, the permanency of the position held, the nature of work, the age and physical condition of the employee, and the possible consolidation of jobs and the myriad other nondiscriminatory factors which could validly affect the possible employment relationship. *Reneau,* 945 F.2d*.* at 871.

Here, the court finds that awarding front pay would result in a windfall to Plaintiff when factoring in the *Reneau* factors. At the time he was terminated from TABC, Plaintiff made approximately $79,000 per year. The jury awarded Miller $125,000.00 in future compensatory damages. The court finds that this amount makes Miller whole when considering the factors that could have affected the length of his employment had he not been terminated.

The court finds that the plaintiff properly calculated prejudgment interest, and that it should be calculated based on both back pay and past compensatory damages. Congress vested

---

[8] *See* ECF Dkt. No. 54
[9] *See* ECF Dkt. No. 55

broad equitable powers in Title VII courts to create the "the most complete relief possible."
*Peques v. Miss. State Employment*, 899 F.2d 1449, 1453 (5th Cir. 1990). The measure of relief is
that amount necessary to make persons whole or put them in their rightful place. *Id*. Interest is
compensation for the use of funds; it is not awarded as a penalty against a defendant. *Id*. Under
Title VII, interest is an item that "should be included in back pay" to make a victim whole. *Id*.
*See also Loeffler v. Frank*, 486 U.S. 549, 558 (1988) (Title VII is a manifestation of Congress's
intent to make persons whole for injuries suffered through past discrimination.); *West Virginia v.
United States*, 479 U. S. 305, 310 (1987) (prejudgment interest is an element of complete
compensation). "It merely compensates the plaintiff for being denied the opportunity to invest
and earn interest on the amount of damages." *Wood v. Armco, Inc.,* 814 F.2d 211, 214 (5th Cir.
1987) (quoting *Matthews v. DeSoto*, 721 S.W.2d 286, 287 (Tex.1986). "Prejudgment interest
should apply to all past injuries, including past emotional injuries." *Thomas v. Tex. Dep't of
Criminal Justice*, 297 F.3d 361, 372 (5th Cir. 2002). The Fifth Circuit has made it clear that
prejudgment interest should apply to both back pay and past emotional injuries.

Because Title VII is silent on the issue of prejudgment interest, Texas state law is the
appropriate source for guidance on the applicable rate. *Johnson v. Sw. Research Inst*., 384 F.
Supp. 3d 722, 726 (W.D. Tex. 2019). The Texas Finance Code Sections 304.003(a) and (c)
provide that prejudgment interest shall accrue at the rate of five percent per year when the prime
rate as published by the Board of Governors of the Federal Reserve System is less than five
percent. The prime interest rate as of the day of this judgment is less than five percent. Simple
interest on the back pay is $22.26 per day ($162,500 x 0.05 / 365).

Under Title VII, courts generally should calculate interest on the past damages on the
date of the adverse employment action. *Thomas v. Tex. Dep't of Criminal Justice*, 297 F.3d 361,

372 (5th Cir. 2002). TABC terminated Miller's employment on June 19, 2019. As such, the total

amount of prejudgment interest is calculated by multiplying $22.26 per day with the number of

days from June 19, 2019, to the day before this judgment is entered, June 8, 2022, 1,085 days,

for a total of $22.26 x 1,085 = $24,152.10.

The Court shall thus enter judgment on the jury's verdict pursuant to Rule 58 of the

Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that on his claim for past pain and suffering,

inconvenience, mental anguish, and loss of enjoyment of life Plaintiff Miller shall recover from

TABC compensatory damages in the amount of $125,000.00.

**IT IS FURTHER ORDERED** that on his claim for future pain and suffering,

inconvenience, mental anguish, and loss of enjoyment of life Plaintiff Miller shall recover from

TABC compensatory damages in the amount of $125,000.00.

**IT IS FURTHER ORDERED** that on his claim for back pay wages and benefits from

June 20, 2019, through March 2, 2022, Plaintiff Miller shall recover from TABC damages in the

amount of $37,500.00

**IT IS FURTHER ORDERED** that Plaintiff Miller shall recover prejudgment interest

from Defendant TABC in the amount of $24,152.10.

**IT IS FURTHER ORDERED** that Plaintiff Miller shall recover post judgment interest

from Defendant TABC on the amount of the total judgment, $311,652.00, at a rate of 2.14

percent compounded annually from the date of this Judgment until paid in full.[10]

**IT IS FURTHER ORDERED** that on his request for front pay Plaintiff Miller **SHALL**

**NOT RECOVER** from Defendant TABC any damages.

---

[10] Post-judgment interest is "calculated from the date of the entry of judgment, at a rate equal to the weekly average
1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for
the calendar week preceding the date of judgment." 18 U.S.C. § 1961

**IT IS FINALLY ORDERED** that all relief not expressly granted is hereby **DENIED**.

SIGNED this 9th day of June, 2022.


_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE