IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MARLIN SHAWN MILLER, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | CASE NO. 1:21-CV-00204-JN |
| § | |
| § | |
| TEXAS ALCOHOLIC § | |
| BEVERAGE COMMISSION, § | |
| § | |
| *Defendant.* § | JURY TRIAL REQUESTED |

**PLAINTIFF'S MOTION FOR REASONABLE FEES AND COSTS**

Pursuant to 42 U.S.C. § 2000e-5(k), FED. R. CIV. P. 54(d)(2)(A), and the judgment in favor of Plaintiff Marlin Shawn Miller (Doc.#56), Marlin Shawn Miller, a prevailing Plaintiff herein[1], moves for an award of reasonable attorneys' fees and costs (including the costs that are recoverable under 28 U.S.C. § 1920 on a bill of costs) incurred in the successful pursuit of their action.

A.   **The Attorney's Fees**

The Supreme Court has established a "'strong presumption'" that the lodestar—the product of multiplying hours reasonably expended by a reasonable hourly rate—represents "the reasonable fee" for prevailing parties, *Perdue v. Kenney A.*, 559 U.S. 542, 553-54, 130 S. Ct. 1662, 1673 (2010), which is to say a fee that roughly approximates what an attorney would have received if representing a client who paid by the hour. *Perdue*, 559 U.S. at 551.

---

[1] *Farrar v. Hobby*, 506 U.S. 103, 111-13, 113 S. Ct. 566, 573, 121 L. Ed.2d 494 (1992) (any relief on the merits that "materially alters the legal relationship between the parties," such as a judgment requiring payment of compensatory damages, points to "prevailing party" status).

The *Perdue* Court contrasted the lodestar method with one the Fifth Circuit "set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (C.A.5 1974), which listed 12 factors that a court should consider in determining a reasonable fee." *Perdue*, 559 U.S. at 550-51. (The *Johnson* factors are listed *infra* pp. 6-7.) The *Perdue* Court's reasoning clearly indicates a strong preference for the lodestar method over the *Johnson* factors: "This method, however, 'gave very little actual guidance to district courts. Setting attorney's fees by reference to a series of sometimes subjective factors placed unlimited discretion in trial judges and produced disparate results." *Perdue*, 559 U.S. at 551. Post-*Perdue*, the Fifth Circuit has treated the *Johnson* factors as a *complement* to the lodestar. *See, e.g., Combs v. City of Huntington*, 829 F.3d 388, 392 (5th Cir. 2016) ("[t]hough the lodestar is presumed reasonable, … the court may enhance or decrease it based on the … *Johnson* factors").[2]

Consistent with that approach, this motion discusses first the *Perdue* lodestar fee, and then the *Johnson* factors.

### 1. The Hours Reasonably Expended

"'[C]ourts customarily require the applicant to produce contemporaneous billing records or other sufficient documentation so that the district court can fulfill its duty to examine the application for noncompensable hours …'" *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1044 (5th Cir. 2010). The Plaintiff's lawyers' contemporaneous billing records are presented in Exhibit 2 (containing task descriptions in chronological order).

All time claimed in a fee motion must be reasonable for it to be compensable.

---

[2] Miller does not seek an enhancement of the lodestar fee award.

*League of United Latin American Citizens No. 4552 v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997).[3] Michael Scanes, as lead counsel, explains in his Declaration how he adjusted downward the hours shown in the billing records in order to arrive at the reasonable number of hours claimed for compensation in this motion:

First, he eliminated all time for work performed by attorneys Ben Yelverton and Tyler Talbert, and paralegal Susan Eskew. While their time spent on the case contributed to the result, Mr. Scanes removed their time so that only two attorneys and one paralegal's time was included in the requested fee award.

Second, Mr. Scanes exercised discretionary billing judgment by eliminating or reducing time he would not charge to any prevailing Plaintiff if that Plaintiff, instead of the Defendant, were paying the bill, consistently with *Hensley v. Eckerhart*, 461 U.S. 423, 434, 103 S. Ct. 1933, 1939-40, 76 L. Ed. 2d 40 (1983) ("In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority."). Time increments that were eliminated or reduced are evident in Exhibit 2. Mr. Scanes' adjustments primarily include elimination of billing by multiple lawyers in conferences. Dec. (Exh. 1) at ¶ 8. Mr. Scanes also exercised billing judgment by reducing the time spent on certain tasks to make to remove any excessive time or time that was unnecessarily duplicative of another attorney's time. *Id.* at ¶ 8.

---

[3] Hours reasonably expended include time spent preparing this motion for fees and costs. *Cruz v. Hauck*, 762 F.2d 1230, 1233 (5th Cir. 1985).

## 2. The Reasonable Hourly Rate

Once the compensable time is determined, the Court's second step is to determine a reasonable hourly rate "according to the prevailing market rates in the relevant community," *Blum v. Stenson*, 465 U.S. 886, 895, 104 S. Ct. 1541, 1547 (1984). This case was tried in Austin, Texas, in the Austin Division of the Western District of Texas. Courts note the relevant community for fees is district-wide—not just by city or division. *See, e.g., Lewallen v. City of Beaumont*, 394 Fed. Appx. 38, 46 (5th Cir. 2010); *Treadway v. Otero*, No. 2:19-CV-244 [Doc. 157] at p. 9 (S.D. Tex. Oct. 6, 2020) (citing cases and concluding: "When it comes to parsing between divisions, it appears that it is the district, rather than the division, that should govern the decision).

The 2022 *Attorneys' Fees Hourly Rate Yearbook for Employment Law* that is published by the Texas Employment Lawyers Association is a compilation of attorneys' hourly rates for employment law work in Texas, including the Western District of Texas. See Exh.3. It uses court rulings, jury verdicts, arbitrations, testimony, and actual rates billed. Unlike summaries of anonymous surveys, it names lawyers and cites sources. To help compare quantity of experience, it is grouped by ten-year classes—like a yearbook groups classes from seniors to freshmen. It is organized by geographic regions corresponding with the four federal districts in Texas and accounts for inflation to the end of 2021 via the U.S. Bureau of Labor Statistics for legal services. This compilation is limited to employment law work—about 283 lawyers and 117 fee awards.

For employment lawyers who graduated from law school in the 1980s—Michael

Scanes graduated in 1983—the average inflation-adjusted hourly rate in the Western District of Texas is $650 per hour with a median rate of $588 per hour. Exh.3 at pp.166-172. The range of rates in this class is from $456 per hour on the low end to $908 per hour on the high end. *Id*. The requested hourly rate for Michael Scanes is below the median rate and very close to the low end of the range.

For employment lawyers who graduated from law school in the 2000s—Joel Shields graduated in 2003—the average inflation-adjusted hourly rate in the Western District of Texas is $407 per hour with a median rate of $377 per hour. Exh.3 at pp.185-198. The range of rates in this class is from $318 per hour on the low end to $600 per hour on the high end. *Id*. The requested hourly rate for Joel Shields is below the median rate.

It is also customary for firms in this District to bill for paralegal time. Dec. (Exh. 1) at ¶ 6. The firm's timesheet includes the recorded paralegal time of Dana Scanes who has been working at our firm since 2019. *Id*. Her rate is $125 per hour and that is a reasonable rate for her services. *Id*.

The lawyers and paralegal for whom Plaintiff seeks compensation, their rates,[4] and the evidence supporting their rates are charted below:

---

[4] Current rates are requested even though the first time recorded in this case was in 2020. That is consistent with *Missouri v. Jenkins*, 491 U.S. 274, 283-84 (1989):

> [C]ompensation received several years after the services were rendered ... is not equivalent to the same dollar amount received reasonably promptly as the legal services are performed…We agree, therefor, that an appropriate adjustment for delay in payment— whether by the application of current rates rather than historic hourly rates or otherwise—is within the contemplation of the statute [§ 1988].

| Lawyer/Paralegal | Year Licensed | Requested Rate | Evidence |
|---|---|---|---|
| Mike Scanes | 1983 | $485 | Exh. 1, ¶¶ 2-3, 5, 7-8, Exh. 2, Exh.3 at pp.166-172, Exh.4 |
| Joel Shields | 2003 | $375 | Exh. 1, ¶¶ 4-5, 7-8, Exh. 2, Exh.3 at pp.185-198, Exh.4 |
| Dana Scanes | N/A | $125 | Exh. 1, ¶6, Exh.2, Exh.3 |

The charted rates, well-supported by the evidence, are the rates the Court should determine to be reasonable and use to calculate the lodestar fee.

### 3. The Lodestar Fee, After Billing Judgment and Before Adjustment Pursuant to the *Johnson* Factors

The presumptively correct lodestar fee, based on the reasonable hours documented in Exhibit 2, and totaled in Exhibit 4, and on the hourly rates documented in the supporting Declaration, is:

| Lawyer/Paralegal | Hours | Rate | Lodestar Fee |
|---|---|---|---|
| Michael L. Scanes | 156.25 | $485 | $75,781.25 |
| Joel Shields | 420.75 | $375 | $157,781.25 |
| Dana Scanes | 45.25 | $125 | $5,656.25 |
| **Lodestar Fee** | | | $239,218.75 |

### 4. The *Johnson* Factors

Although the lodestar is presumed to be the reasonable fee, a consideration of the Johnson factors may, in some cases, persuade the Court that the presumption is incorrect. The *Johnson* factors are:

> (1) [T]he time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to

acceptance of the case; (5) the customary fee; (6) ... ;[5] (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Johnson*, F.2d at 717-719. But no adjustment may be made on the basis of a *Johnson* factor that has already been considered in setting either of the lodestar components (the reasonable hours or the reasonable rates). *Black*, 732 F.3d at 502 ("[t]he lodestar may not be adjusted due to a *Johnson* factor that was already taken into account during the initial calculation of the lodestar"). Plaintiff contends that the lodestar fee already captures all of the *Johnson* factors relevant to setting a reasonable fee for this action, particularly in light of the successful verdict for damages of $287,000 for the Plaintiff, and the Final Judgment entered by the Court in the amount of $311,652. The lodestar method is "strongly presumed" to yield a reasonable fee; it is the party seeking an adjustment to the presumed fee that bears the burden of establishing appropriate grounds. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

B.  **The Prevailing Plaintiff's Costs**

"Costs" in an action of this nature is a slightly misleading term because it includes not just the costs that are available to a prevailing party in a bill of costs under 28 U.S.C. § 1920, but also includes all other costs that an attorney would normally charge to a fee-paying client are recoverable as part of the attorney's fee. *See, e.g.*, *Mota v. Univ. of Texas Houston Health Science*, 261 F.3d 512, 529 (5th Cir. 2001) (in a prevailing party fee award under Title VII, 42 U.S.C. § 2000e-5(k), holding

---

[5] The sixth factor was "whether the fee is fixed or contingent," but it was eventually overruled. Rutherford v. Harris County, 197 F.3d 173, 193 (5th Cir. 1999) ("the Supreme Court has barred any use of this factor").

that a reasonable attorney's fee includes costs items beyond those allowed under 28 U.S.C. § 1920, including all reasonable costs charged a fee-paying client). In addition, 42 U.S.C. § 2000e-5(k) provides explicit statutory authority for awarding "expert fees" as part of the attorneys' costs.

The total costs—both the costs recoverable only under § 1920 (which are listed on a bill of costs on AO Form 133) and the costs recoverable without regard to § 1920—are listed in Exhibit 5, and total $17,823.09. Mr. Scanes attests that the requested costs are for items that his firm—and firms in this legal market—would normally charge to fee-paying clients and were reasonably necessary for the pursuit of this litigation. Scanes Dec. (Exh. 1) at ¶ 18. The Court should award all of them.

### C. Post-Judgment Interest on the Award of Fees and Costs

A prevailing party is entitled to post-judgment interest on an award of fees and costs from the date of the judgment on the merits that establishes the right to the award of fees and costs. *La. Power & Light Co. v. Kellstrom,* 50 F.3d 319, 332 (5th Cir. 1995). Hence, the Court's order on this motion should provide for interest from the date when the final judgment was entered (June 9, 2022).

### Conclusion

The Plaintiff's lawyers have fully complied with their obligations in seeking fees and costs in this case. They maintained meticulous, detailed contemporaneous records of their time and expenses. They have exercised billing judgment and deleted from this request time that was unnecessary, duplicative, or unreasonable for any reason. And they have sought for themselves (and for others in their firms) billing rates that are consistent with the standard of reasonableness documented in the

Declaration and other supporting evidence.

The Court should award fees, costs, and post-judgment interest as set forth below:

a.  A fee of $239,218.75, detailed as follows:

| Lawyer/Paralegal | Hours | Rate | Lodestar Fee |
|---|---|---|---|
| Michael L. Scanes | 156.25 | $485 | $75,781.25 |
| Joel S. Shields | 420.75 | $375 | $157,781.25 |
| Dana Scanes | 45.25 | $125 | $5,656.25 |
| **Lodestar Fee** | | | $239,218.75 |

b.  Costs (including those in the bill of costs AO 133 for $5,978.39) in the total amount of $17,823.09.

c.  Post-judgment interest on $257,041.84 from June 9, 2022.

Respectfully submitted,

/s/ *Joel Shields*
Michael L. Scanes
Texas Bar No. 17701000
scanes@sytfirm.com
Joel Shields
Texas Bar No. 24041907
shields@sytfirm.com

**SCANES YELVERTON TALBERT, LLP**
7901 Fish Pond Road, Suite 200
P. O. Box 20965
Waco, Texas 76702-0965
(254) 399-8788
(254) 399-8780 (FAX)

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF CONFERENCE**

I certify that I have conferred with opposing counsel concerning the prevailing Plaintiff's reasonable fees and costs. Opposing counsel advises that his client opposes the motion because the client believes the amount for fees is too high.

*/s/ Joel Shields*
Joel Shields

## **CERTIFICATE OF SERVICE**

On June 23, 2022, I served the foregoing document with all exhibits on all counsel of record via the Court's electronic filing system.

*/s/ Joel Shields*
Joel Shields