**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| MARLIN SHAWN MILLER, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:21-cv-204-LY |
| TEXAS ALCOHOLIC BEVERAGE | § | |
| COMMISSION, | § | |
| *Defendant.* | § | |

---

**DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION FOR REASONABLE FEES AND COSTS**

---

TO THE HONORABLE JUDGE:

Defendant Texas Alcoholic Beverage Commission ("TABC") files this Response to Plaintiff's Motion for Reasonable Fees and Costs [Doc. #57].

**RESPONSE**

**I.      Plaintiff's proposed lodestar fee should be reduced.**

In a case that lasted slightly less than a year from filing of the complaint until trial (generating only 41 docket entries)—and with a trial lasting only two days—Plaintiff proposes a lodestar attorney fee award of $239,218.75. Doc. #57 at 6.

According to Plaintiff, this figure represents the reasonable hourly rate of each of his attorneys and their paralegal multiplied by the hours reasonably expended on his case. *Id.* at 2-6.[1] The fee invoice submitted to the Court in support of this motion, however, reveals numerous instances of duplicative billing, billing for unnecessary tasks, billing for purely clerical tasks, and

---

[1] TABC does not dispute the reasonableness of the hourly rates charged by Plaintiff's experienced attorneys and their paralegal, but does challenge the reasonableness of the hours expended on the case.

block billing. There are also entries that have been redacted to the point where it cannot be determined what task was undertaken and whether it was a reasonable expenditure of time. Further, the invoice contains entries for work that apparently relates to another case. Accordingly, Plaintiff's proposed lodestar fee should be reduced to account for these entries.

To calculate attorney's fees, the Fifth Circuit uses the "lodestar" method for fee award purposes. *Tollet v. City of Kemah*, 285 F.3d 357, 367 (5th Cir. 2002). The lodestar is calculated by multiplying the number of hours that an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). The parties seeking reimbursement of attorney's fees bear the burden of establishing the number of hours expended through the presentation of adequately recorded time records as evidence. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Court should use this time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *See id.* The hours remaining are those reasonably expended.

**A.      Unnecessary entries.**

The invoice shows that Plaintiff's attorneys billed for time reviewing materials for a different case before Plaintiff filed his Complaint. Doc. #57-2 at 2-5. These include, for example, entries for reviewing deposition testimony, pleadings, and correspondence related to this case. *Id.* These entries are documented below:

| Date | Staff | Description | Hours | Rate | Charges |
|------|-------|-------------|-------|------|---------|
| 1/26/2021 | JSS | Review pleadings, deposition, discovery from other case against TABC | 1.00 | $375.00 | $375.00 |
| 1/29/2021 | JSS | Review deposition testimony | 1.00 | $375.00 | $375.00 |

| 2/04/2021 | JSS | Email correspondence to client re: Nettles depo. | 0.25 | $375.00 | $93.75 |
| 2/09/2021 | JSS | Begin review of Defendant's Motion for Summary Judgment and Appendix Evidence (filed in case of other field agents). | 1.00 | $375.00 | $375.00 |
| 2/11/2021 | JSS | Work on review of deposition testimony. | 2.25 | $375.00 | $843.75 |
| 2/12/2021 | JSS | Review deposition testimony and declarations. | 2.50 | $375.00 | $937.50 |
| 2/18/2021 | JSS | Telephone conference with Daryl Darnell regarding case. | 0.25 | $375.00 | $93.75 |
| 2/24/2021 | JSS | Telephone conference with Darryl Darnell. | 0.25 | $375.00 | $93.75 |
| 3/02/2021 | JSS | Email correspondence exchange with Kim Sharif re: Motion for Summary Judgment response. | 0.25 | $375.00 | $93.75 |
|  |  |  |  |  | **$3,281.25** |

### B.     Excessive and duplicate entries

The fee invoice also contains entries that represent either excessive or duplicative time spent on a given task. For example, there are instances where one attorney billed for taking a deposition while the other billed for merely attending the same deposition. *See, e.g.*, Doc. #57-2 at 18 (one attorney bills for attending deposition while other attorney bills for taking deposition). There are also multiple entries where both attorneys received and reviewed the same documents. *See, e.g.*, Doc. #57-2 at 8 (both attorneys billing time for receiving and reviewing initial disclosures). The entries representing excessive and duplicative time billed are outlined below:

| **Date** | **Staff** | **Description** | **Hours** | **Rate** | **Charges** |
|---|---|---|---|---|---|
| 3/29/2021 | JSS | Review Defendant's Original Answer. | 0.25 | $375.00 | $93.75 |
| 4/08/2021 | MLS | Review Proposed Scheduling Order. | 0.25 | $485.00 | $121.25 |
| 4/09/2021 | MLS | Receive and review order transferring case to Judge | 0.25 | $485.00 | $121.25 |

|  |  | Nowlin, and prepare email thereon to Atty. Shields. |  |  |  |
|---|---|---|---|---|---|
| 4/13/2021 | MLS | Receive and review email from Judge Nowlin's office re: proposed scheduling order. | 0.25 | $485.00 | $121.25 |
| 5/03/2021 | MLS | Receive and review Defendant's Initial Disclosures. | 0.25 | $485.00 | $121.25 |
| 12/02/2021 | JSS | Attend deposition of Peter Heller. | 4.00 | $375.00 | $1,500.00 |
| 12/07/2021 | MLS | Work on First Supplemental Initial Disclosures. | 0.25 | $485.00 | $121.25 |
| 12/09/2021 | JSS | Attend deposition of D. Dement. | 4.00 | $375.00 | $1,500.00 |
| 12/10/2021 | JSS | Attend deposition of Victor Kuykendoll. | 5.50 | $375.00 | $2,062.50 |
| 12/21/2021 | JSS | Receive and review Defendant's Response to Motion to Take Additional Depo. | 0.25 | $375.00 | $93.75 |
| 1/03/2022 | MLS | Receive and review Order referring case to mediation | 0.25 | $485.00 | $121.25 |
| 1/18/2022 | MLS | Review exchange of emails with opposing counsel re: mediation and mediators. | 0.25 | $485.00 | $121.25 |
| 1/19/2022 | JSS | Receive and review order from Court resetting date for Final Pre-Trial Conference. | 0.25 | $375.00 | $93.75 |
| 2/16/2022 | MLS | Receive and review order denying Defendant's Motion for Summary Judgment. | 0.25 | $485.00 | $121.25 |
| 3/02/2022 | DMS | Travel from Austin, returning from trial. | 2.00 | $125.00 | $250.00 |
|  |  |  |  |  | **$6,313.75** |

## C.    Inadequately documented entries.

Perhaps most problematic are numerous time entries on Plaintiff's fee invoice that are redacted such that it cannot be determined whether the fees requested for those entries are reasonable. "Redaction of billing records is acceptable as long as the court has sufficient information to form an opinion on the reasonableness of the fees." *Randolph v. Dimension Films,*

634 F. Supp.2d 779, 800 (S.D. Tex. 2009). Thus, "[r]edacted entries must be excluded if they do

not provide sufficient information to classify and evaluate the activities and hours expended." *Id.*

"[W]hen a fee petition is vague or inadequately documented, a district court may either

strike the problematic entries or (in recognition of the impracticalities of requiring courts to do an

item-by-item accounting) reduce the proposed fee by a reasonable percentage." *Monarch*

*Investments, LLC v. Aurrecoechea*, No. A-14-CA-01019-SS, 2017 WL 1034647, at *4 (W.D. Tex.

Mar. 16, 2017) (quoting *Harper v. City of Chi. Heights*, 223 F.3d 593, 605 (7th Cir. 2000)). Below

are the time entries that are inadequately documented:

| Date | Staff | Description | Hours | Rate | Charges |
|------|-------|-------------|-------|------|---------|
| 2/09/2021 | MLS | Interoffice conference with Atty. Shields re: [redacted]. | 0.25 | $485.00 | $121.25 |
| 3/02/2021 | JSS | [Redacted]. | 0.25 | $375.00 | $93.75 |
| 3/03/2021 | MLS | Interoffice conference with Atty. Shields re: [redacted]. | 0.25 | $485.00 | $121.25 |
| 5/03/2021 | JSS | Conduct legal research – [redacted]. | 1.00 | $375.00 | $375.00 |
| 6/16/2021 | JSS | Review court cases relating to [redacted]. | 0.50 | $375.00 | $187.50 |
| 7/12/2021 | MLS | Interoffice conference with Atty. Shields re: [redacted]. | 0.25 | $485.00 | $121.25 |
| 7/14/2021 | JSS | Conduct internet research re: [redacted]. | 0.25 | $375.00 | $93.75 |
| 7/14/2021 | MLS | Interoffice conference with Atty. Shields re: [redacted]. | 0.25 | $485.00 | $121.25 |
| 8/11/2021 | MLS | Prepare email to Atty. Shields re: [redacted]. | 0.50 | $485.00 | $242.50 |
| 9/24/2021 | MLS | Prepare email to Atty. Shields re: our [redacted]. | 0.25 | $485.00 | $121.25 |
| 10/14/2021 | JSS | Analyze [redacted] with Mike Scanes. | 0.25 | $375.00 | $93.75 |
| 10/25/2021 | MLS | Interoffice conference with Atty. Shields re: [redacted]. | 0.25 | $485.00 | $121.25 |
| 11/08/2021 | MLS | Interoffice conference with Atty. Shields re: [redacted] and review email thereon from Atty. Shields. | 0.50 | $485.00 | $242.50 |

| 11/09/2021 | MLS | Interoffice conference with Atty. Shields re: [redacted]. | 0.25 | $485.00 | $121.25 |
|---|---|---|---|---|---|
| 11/15/2021 | MLS | Interoffice conference with Atty. Shields re: [redacted]. | 0.25 | $485.00 | $121.25 |
| 11/15/2021 | MLS | Interoffice conference with Atty. Shields re: [redacted]. | 0.25 | $485.00 | $121.25 |
| 11/22/2021 | MLS | Interoffice conference with Atty. Shields re: [redacted]. | 0.25 | $485.00 | $121.25 |
| 11/24/2021 | MLS | Exchange emails with Atty. Shields re: [redacted]. | 0.25 | $485.00 | $121.25 |
| 12/07/2021 | MLS | Interoffice conference with Atty. Shields re: [redacted]. | 0.50 | $485.00 | $242.50 |
| 12/08/2021 | JSS | Interoffice conference with Mike Scanes re: [redacted]. | 0.25 | $375.00 | $93.75 |
| 12/08/2021 | MLS | Review case law re: [redacted] | 0.50 | $485.00 | $242.50 |
| 12/17/2021 | MLS | Interoffice conference with Atty. Shields re: [redacted]. | 0.25 | $485.00 | $121.25 |
| 1/06/2022 | MLS | Interoffice conference with Atty. Shields re: [redacted]. | 0.25 | $485.00 | $121.25 |
| 1/12/2022 | MLS | Interoffice conference with Atty. Shields re: [redacted]. | 0.25 | $485.00 | $121.25 |
| 1/13/2022 | MLS | Interoffice conference with Atty. Shields re: [redacted]. | 0.50 | $485.00 | $242.50 |
| 2/01/2022 | MLS | Interoffice conference with Atty. Shields re: [redacted]. | 0.25 | $485.00 | $121.25 |
| 2/14/2022 | MLS | Interoffice conference with Atty. Shields re: [redacted]. | 0.25 | $485.00 | $121.25 |
| 2/15/2022 | MLS | Telephone conference with Atty. Shields re: [redacted]. | 0.25 | $485.00 | $121.25 |
| 2/16/2022 | MLS | Interoffice conference with Atty. Shields re: [redacted]. | 0.75 | $485.00 | $363.75 |
| 2/23/2022 | MLS | Interoffice conference with Atty. Shields re: [redacted]. | 0.50 | $485.00 | $242.50 |
| 2/24/2022 | JSS | Analyze [redacted] with Mike Scanes. | 0.25 | $375.00 | $93.75 |
| 2/26/2022 | JSS | Analyze [redacted] w/ Mike Scanes. | 0.25 | $375.00 | $93.75 |
| 2/27/2022 | JSS | Analyze [redacted] with Mike Scanes. | 0.75 | $375.00 | $281.25 |
| 2/28/2022 | JSS | Analyze [redacted] with Mike Scanes. | 0.50 | $375.00 | $187.50 |
| 3/03/2022 | JSS | Conduct legal research re [redacted]. | 0.75 | $375.00 | $281.25 |
| 3/04/2022 | JSS | Conduct legal research re [redacted]. | 2.50 | $375.00 | $937.50 |

| 3/11/2022 | JSS | Analyze [redacted] with Mike Scanes. | 0.25 | $375.00 | $93.75 |
| 4/12/2022 | JSS | Interoffice conference with Mike Scanes re: [redacted]. | 0.25 | $375.00 | $93.75 |
| 6/06/2022 | MLS | Interoffice conference with Atty. Shields re: [redacted]. | 0.25 | $485.00 | $121.25 |
| 6/10/2022 | MLS | Interoffice conference with Atty. Shields re: [redacted] | 0.25 | $485.00 | $121.25 |
| 6/13/2022 | JSS | Conduct legal research – [redacted]. | 3.00 | $375.00 | $1,125.00 |
| 6/20/2022 | MLS | Interoffice conference with Atty. Shields re: [redacted] | 0.25 | $485.00 | $121.25 |
| | | | | | **$8,368.75** |

### D.      Time spent on clerical work.

Plaintiff's fee invoice also includes paralegal time billed for clerical tasks, which are not recoverable as attorney's fees. Paralegal work can only be recovered as attorney's fees to the extent that the paralegal performs work "traditionally done by an attorney." *Allen v. United States Steel Corp.*, 665, F.2d 689, 697 (5th Cir. 1982). Purely clerical work that is not recoverable as attorney's fees includes, but is not limited to, "reviewing, compiling, filing, editing, and downloading." *See Prodanet, LLC v. Predictive Profiles, Inc.*, No. 6:18-cv-38-ADA, 2022 WL 2078032, at *3 (W.D. Tex. June 9, 2022). Below are the hours billed for clerical work that is not recoverable:

| **Date** | **Staff** | **Description** | **Hours** | **Rate** | **Charges** |
|---|---|---|---|---|---|
| 7/22/2021 | DMS | Prepare OneDrive link containing Defendant's Document Production and Email correspondence with Joel Shields re: same. | 0.25 | $125.00 | $31.35 |
| 9/28/2021 | DMS | Work on e-filing Motion for Protective Order | 0.25 | $125.00 | $31.35 |
| 11/24/2021 | DMS | Work on obtaining a court reporter for upcoming depositions. | 0.25 | $125.00 | $31.35 |
| 11/29/2021 | DMS | Email correspondence with Central Texas Litigation re: | 0.25 | $125.00 | $31.35 |

| | | | | | |
|---|---|---|---|---|---|
| | | following up on obtaining court reporter for upcoming depositions. | | | |
| 12/01/2021 | DMS | Work on compiling deposition exhibits; Email correspondence with Mike Scanes and Joel Shields re: same. | 1.25 | $125.00 | $156.25 |
| 12/01/2021 | DMS | Receive and calendar Zoom link to deposition; Email correspondence with opposing counsel re: same | 0.25 | $125.00 | $31.35 |
| 12/06/2021 | DMS | Work on bates stamping document production; Email correspondence with Joel Shields re: same. | 1.50 | $125.00 | $187.50 |
| 12/09/2021 | DMS | Receive new zoom link for deposition; Email correspondence with JSS re: same. | 0.25 | $125.00 | $31.25 |
| 12/14/2021 | DMS | Work on compiling and getting Exhibits ready for filing Motion for Leave. | 0.25 | $125.00 | $31.25 |
| 12/14/2021 | DMS | Work on e-filing Motion for Leave for Joel Shields. | 0.25 | $125.00 | $31.25 |
| 12/17/2021 | DMS | Work on filing Joint ADR Report. | 0.25 | $125.00 | $31.25 |
| 1/12/2022 | DMS | Work on compiling Motion for Summary Judgment and Appendix to send to client; Email correspondence with client re: same. | 0.25 | $125.00 | $31.25 |
| 1/20/2022 | DMS | Work on drafting Appendix Table of Contents page for Response to Motion for Summary Judgment. | 0.25 | $125.00 | $31.25 |
| 1/21/2022 | DMS | Work on e-filing Plaintiff's Objections to Defendant's Evidence in Support of Motion for Summary Judgment. | 0.25 | $125.00 | $31.25 |
| 1/21/2022 | DMS | Work on compiling, redacting, and bates stamping Evidence documents for Response to Motion for Summary Judgment. | 0.50 | $125.00 | $62.50 |
| 2/02/2022 | DMS | Work on filing Joint ADR report. | 0.25 | $125.00 | $31.25 |

| 2/14/2022 | DMS | Work on e-filing pre-trial documents | 0.25 | $125.00 | $31.25 |
|---|---|---|---|---|---|
| 2/18/2022 | DMS | Work on obtaining court reporter for upcoming deposition. | 0.25 | $125.00 | $31.25 |
| 2/21/2022 | DMS | Email correspondence with court reporter re: upcoming deposition of Robert Saenz. | 0.25 | $125.00 | $31.25 |
| 2/22/2022 | DMS | Email correspondence with court reporter re: confirming deposition. | 0.25 | $125.00 | $31.25 |
| 2/23/2022 | DMS | Email correspondence with the court reporter re: obtaining a transcript of the deposition by Monday. | 0.25 | $125.00 | $31.25 |
| 2/24/2022 | DMS | Work on filing trial documents with the Court. | 0.25 | $125.00 | $31.25 |
| 2/25/2022 | DMS | Work on compiling trial exhibits and making exhibit binders. | 5.25 | $125.00 | $656.25 |
| 2/28/2022 | DMS | Work on uploading trial exhibits to Court Box.com account; Compile link of exhibits to send to opposing counsel. | 0.25 | $125.00 | $31.25 |
| 2/28/2022 | DMS | Work on gathering, printing, and compiling trial documents. | 4.40 | $125.00 | $562.50 |
| 3/11/2022 | DMS | Work on running a history bill for Joel Shields. | 0.25 | $125.00 | $31.25 |
| 3/15/2022 | DMS | Review and edit Motion for Entry of Judgment and e-file same. | 0.75 | $125.00 | $93.75 |
| 4/04/2022 | DMS | Review and edit Plaintiff's Reply to Defendant's Response to Motion for Entry; Work on compiling exhibits for same. | 0.50 | $125.00 | $62.50 |
| 4/05/2022 | DMS | Work on redacting exhibits and E-file along with Reply to Response to Motion for Entry of Judgment. | 0.50 | $125.00 | $62.50 |
|  |  |  |  |  | **$2,500.00** |

F.      **Lack of billing judgment.**

Although Plaintiff claims his attorneys exercised billing judgment, the numerous unnecessary, duplicative, vague entries outlined above demonstrate they did not. The excessive amount of purely clerical work included in the fee invoice also demonstrate a lack of billing judgment. Further, the fee invoice contains several instances of block billing that demonstrates a lack of billing judgment. An example of entries that were block-billed are outlined below:

| Date | Staff | Description | Hours | Rate | Charges |
|------|-------|-------------|-------|------|---------|
| 11/29/2021 | JSS | Work on discovery responses. | 7.00 | $375.00 | $2,625.00 |
| 1/19/2022 | JSS | Work on Response to Defendant's Motion for Summary Judgment. | 9.25 | $375.00 | $3,468.75 |
| 1/20/2022 | JSS | Work on Response to Defendant's Motion for Summary Judgment. | 14.50 | $375.00 | $5,437.50 |
| 1/20/2022 | JSS | Work on Response to Defendant's Motion for Summary Judgment. | 8.00 | $375.00 | $3,000.00 |

These are entries for large amounts of time with vague descriptions. As such, the Court cannot determine whether the large amount of time spent on these tasks was reasonable. A close look at some of the entries suggests time spent on certain tasks was not reasonable. For example, one attorney's entries reveal he spent **56 hours** working on an 11-page summary judgment response, amounting to a total of $21,000.00 worth of work. *Compare* Doc. #20 *with* Doc. #57-2 at 24-26.

A plaintiff seeking attorney's fees is "charged with the burden of showing the reasonableness of the hours billed" and also that he or she "exercised billing judgment." *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006). "Billing judgment requires documentation "of the hours charged and of the hours written off as unproductive, excessive, or

redundant." *Id*. The remedy for a lack of billing judgment is a reduction in hours "by a percentage intended to substitute for the exercise of billing judgment."

Plaintiff claims his attorney's exercised billing judgment primarily by eliminating all time for work performed by two attorneys and one paralegal. Doc. #57 at 3. But a review of the fee invoice reveals those individuals spent minimal time on this case—a total of 17 combined hours to be precise. Doc. #57-2 at 40. This reduction pales in comparison to the number of hours outlined above that should have been written off as unproductive, excessive, redundant, or unrecoverable.

To account for the lack of billing judgment in this case, the Court should reduce the hours of Mike Scanes, Joel Shields, and Dana Scanes by at least 25% each, bringing the lodestar fee to a total of no more than **$179,414.06**.[2]

## II.     The reduced lodestar fee should be adjusted downward based on the *Johnson* factors.

The lodestar should be adjusted downward in this case because Plaintiff received a monetary award far less than he sought.

Once the lodestar is calculated, courts must then determine whether other considerations counsel in favor of enhancing or decreasing the lodestar. *Combs v. City of Huntington, Tex.*, 829 F.3d 388, 394–95 (5th Cir. 2016). To make this determination, courts consider the *Johnson* factors, which include: (1) the time and labor required by the litigation; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the

---

[2] Plaintiff's proposed lodestar fee (**$239,218.75**) subtracted by 25% of Plaintiff's proposed lodestar fee (**$59,804.69**) equals **$179,414.06**.

case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

The Fifth Circuit and the Supreme Court have emphasized that "degree of success obtained" is "the most critical factor" in determining the reasonableness of attorney's fees. *See Fessler v. Porcelana Corona De Mexico, S.A. DE C.V.*, 23 F.4th 408, 418 (5th Cir. 2022); *Farrar v. Hobby*, 506 U.S. 103, 114 (1992). And when the suit is for damages, "a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought." *Farrar*, 506 U.S. at 114. If a plaintiff achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). This is true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith. *Id.*

Here, while Plaintiff achieved a favorable jury verdict, he received a monetary award far less than he sought. As such, he achieved only partial success that warrants a downward adjustment of the lodestar amount. The jury found that Plaintiff was entitled to a total of $287,500.00, which included damages for past and future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life, as well as back pay. Doc. #50 at 2. But Plaintiff's most significant request— by far—was a front-pay award of $850,000.00. Doc. #53. The Court, however, denied this request in its entirety after considering Plaintiff's request alongside the *Reneau* factors. *See* Doc. #56 at 3; *Reneau v. Wayne Griffin & Sons, Inc.*, 945 F.2d 869, 871 (5th Cir. 1991). Plaintiff clearly believed this was a million-dollar case; indeed, he sought a final judgment in the amount of $1,137,500.00. Doc. #53, 53-2. But the Court determined he was only entitled to a total judgment amount of $311,652.00—less than one-third of what Plaintiff sought. Doc. #56 at 5. Because Plaintiff only

achieved partial success in this case, the lodestar amount should be adjusted downward. *See Finch v. Hercules Inc.*, 941 F. Supp. 1395, 1427 (D. Del. 1996) (reducing lodestar amount by 35% due in part to unsuccessful recovery of front pay).

A review of the other *Johnson* factors also counsels in favor of a lodestar reduction. This was not a difficult case that required significant time and labor. *See Johnson*, 488 F.2d at 717–19. The litigation lasted slightly less than one year from the filing of the Plaintiff's complaint until the time of trial. *See* Doc. #1. The case involved only a single claim of retaliation under Title VII. *Id.* at 5-6. In that time, there were only 41 docket entries. Further, the case was tried in only two days, with each side putting on only four hours of testimony. Plaintiff has submitted an affidavit of Mike Scanes comparing the complexity of this case to two cases of much greater complexity to support his contention that 600 hours were reasonably spent on this case. Doc. #57-1 at 5-6. The first case cited, *Miniex*, culminated in a six-day trial and involved the exchange of over 25,000 documents, 29 pre- and post-trial motions, several motions to compel, and two motions for summary judgment. *See Miniex v. Houston Housing Authority*, No. 4:17-0624, 2019 WL 4920646, at *10 (S.D. Tex. Sept. 13, 2019). The second case cited, *Johnson*, culminated in a week-long trial and involved multiple dispositive motions, an interlocutory appeal, and three successful motions to compel. *Johnson v. Southwest Research Institute*, No. 5:15-297, 2019 WL 4003106, at *6 (W.D. Tex. Aug. 23, 2019). Even a cursory review of those cases reveals they were substantially more complex and time-consuming than this one.

This case is more analogous to *Roden v. Tex. Municipal Police Ass'n, Inc.*, No. A-11-CA-809-SS, 2013 WL 12291982, at **4-5 (W.D. Tex. May 21, 2013). That case, like this one, was characterized by the district court as "not particularly complex." *Id.* at *4. Also like this case, *Roden* culminated in a just a two-day trial. *Id.* at *5. It involved six hours of testimony (only two

less than this case) and six depositions—the same number of depositions taken in this case. Although the fee movant's attorney's suggested 664.6 hours was a reasonable amount of time spent on the case, the district court concluded 80 hours was reasonable considering the complexity of the case and time needed to defend the case. *Roden*, WL 12291982, at *5.

Considering the simplicity of this case, the small number of depositions, the relative lack of complex motion practice involved, and the fact that the case was tried in only two days, the lodestar amount should be substantially reduced to account for those realities. *See Hensley,* 461 U.S. at 436; *Johnson*, 488 F.2d at 717–19. TABC submits that a 30% reduction of the lodestar more appropriately reflects the results obtained, along with the time and effort required to prosecute this case, bringing the total amount of fees to **$125,589.84**.[3]

## III.   The Court should reduce the amount of costs sought by Plaintiff.

Plaintiff requests an award of costs in the amount of $17,823.09. Doc. #57 at 8-9; #57-5. Some of these costs, however, are either inadequately documented or expressly unrecoverable as costs. The types of costs a prevailing party may recover are outlined in 28 U.S.C. § 1920. In Title VII cases, 42 U.S.C. § 2000e-5(k) expands the power of the courts to award costs beyond what is provided in section 1920 to include "those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services, such as postage, photocopying, paralegal services, long distance telephone charges, and travel costs." *Mota v. The Univ. of Tex. Houston Health Science Cntr.*, 261 F.3d 512, 529 (5th Cir. 2001).

---

[3] Lodestar (**$179,414.06**) subtracted by 30% of the lodestar (**$53,824.22**) equals **$125,589.84**.

The first category of costs that should be eliminated are Plaintiff's printing/photocopying costs. The district court may award "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). However, the court "requires some demonstration that reproduction costs necessarily result from the litigation." *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991). "Although prevailing parties do not have to justify every single photocopying cost, they do have to provide enough information for the [c]ourt [to be] able to make a reasonable determination of necessity." *Honestech, Inc. v. Sonic Solutions*, 725 F. Supp.2d 573, 584 (W.D. Tex. 2010). Here, there is little documentation with respect to printing and copying expenses—totaling $5,041.39—for the Court to be able to determine whether they were necessarily obtained for use in the case. Doc. #57-5 at 1. Especially given that all trial exhibits were submitted electronically, there is no justification for this large printing and copying expense. The Court should therefore strike all copying expenses from which it cannot "make a reasonable determination of necessity." *Honestech*, 725 F. Supp.2d at 584.

The Court should also strike all costs associated with meals. Attorney meals are not recoverable costs under section 2000e-5(k). *Ibarra v. United Parcel Service, Inc.*, No. MO-10-CA-113, 2013 WL 12121463, at *4 (W.D. Tex. July 9, 2013). Plaintiffs seek $530.38 in meal expenses. Doc. #57-5 at 4. Since these costs are not recoverable, they should be stricken.

## CONCLUSION

The Court should award Plaintiff no more than **$125,589.84** in attorney's fees and reduce the amount of costs sought to the amount and degree permitted by statute.

Date: July 7, 2022                              Respectfully submitted,

                                                KEN PAXTON
                                                Attorney General of Texas

                                                BRENT WEBSTER
                                                First Assistant Attorney General

                                                GRANT DORFMAN
                                                Deputy First Assistant Attorney General

                                                SHAWN COWLES
                                                Deputy Attorney General for Civil Litigation

                                                CHRISTOPHER D. HILTON
                                                Chief - General Litigation Division

                                                /s/ *Landon A. Wade*
                                                DREW L. HARRIS
                                                Texas Bar No. 24057887
                                                LANDON A. WADE
                                                Texas Bar No. 24098560
                                                Assistant Attorneys General
                                                OFFICE OF THE ATTORNEY GENERAL
                                                General Litigation Division
                                                P.O. Box 12548, Capitol Station
                                                Austin, TX  78711-2548
                                                Telephone: (512) 463-2120
                                                Facsimile: (512) 320-0667
                                                drew.harris@oag.texas.gov
                                                landon.wade@oag.texas.gov
                                                **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

        I certify that a copy of the foregoing was served via ECF, on July 7, 2022, upon the following individual at the listed address:

   Michael L. Scanes scanes@scanesrouth.com
   Joel S. Shields shields@scanesrouth.com
   **ATTORNEYS FOR PLAINTIFF**

                                                /s/ *Landon A. Wade*
                                                **LANDON A. WADE**