**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **MARLIN SHAWN MILLER,** *Plaintiff* | § § § |
| -vs- | § § § |
| **TEXAS ALCOHOLIC BEVERAGE COMMISSION,** *Defendant* | § § § § |

A-21-CV-00204-JRN

## ORDER

Before the Court in the above-entitled cause of action are Plaintiff Marlin Shawn Miller's Motion for Attorney's fees and costs (Dkt. 57) and responsive briefings. After a thorough consideration of the parties' arguments, the evidence presented, and the procedural history of this case, the Court is of the opinion that Plaintiff is entitled to recover certain fees and costs in an amount less than what was requested.

### I.   PROCEDURAL BACKGROUND

On March 3, 2021, Plaintiff Marlin Shawn Miller ("Miller") commenced this action against Defendant Texas Alcoholic Beverage Commission ("TABC") under Title VII alleging he was unlawfully terminated. On March 1, 2022, the Court empaneled a jury, and trial commenced in this case. On March 2, 2022, the parties closed, the Court charged the jury, and the jury retired to deliberate on a verdict. On the same day, the jury returned a unanimous verdict in favor of the Plaintiff.

On June 23, 2022, pursuant to 42 U.S.C. § 2000e-5(k), FED. R. CIV. P. 54(d)(2)(A) Plaintiff moved for an award of reasonable attorneys' fees and costs (including the costs that are recoverable under 28 U.S.C. § 1920 on a bill of costs) incurred in the successful pursuit of their

action. On July 7, 2022, Defendant filed a response requesting that that the amount requested be lowered.

## II.    STANDARD OF REVIEW

The Fifth Circuit has enumerated different standards of review for attorney's fees and costs. Each standard will therefore be delineated separately before discussing the merits of the parties' arguments. The parties' arguments and evidence will then be examined in light of the applicable standard.

### A.    Attorneys' Fees

The Fifth Circuit has outlined how a district court is to properly determine attorneys' fees when using the "lodestar" method.  The first step is to calculate a lodestar amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Rutherford v. Harris County*, 197 F.3d 173, 192 (5th Cir. 1999).  The court must then consider whether the lodestar should be adjusted upward or downward, depending on the circumstances of the case.  *Rutherford*, 197 F.3d at 192; *Von Clark*, 916 F.2d at 258. The district court should "explain with a reasonable degree of specificity the findings and reasons upon which the award is based."  *Von Clark v. Butler*, 916 F.2d 255, 258 (5th Cir. 1990).

### B.    Bill of Costs

Costs other than attorneys' fees "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Indeed, the Fifth Circuit has held: "Rule 54(d)(1) contains a strong presumption that the prevailing party will be awarded costs." *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006). 28 U.S.C. § 1920 supplements Rule 54(d), providing that the prevailing party may recover the following costs: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and

disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828. *See* 28 U.S.C. § 1920. Although trial courts may refuse to tax otherwise allowable costs, trial courts may not "tax items not elsewhere enumerated." *West Wind Africa Line v. Corpus Christi Marine Servs.*, 834 F.2d 1232, 1236 (5th Cir. 1988).

Specifically, a party seeking to recover costs for copies has the burden to show that the reproductions were "necessarily obtained for use in the litigation." *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). Although the party seeking recovery of costs need not specify "every xerox copy made for use in the course of legal proceedings," it nevertheless must demonstrate that the "reproduction costs necessarily result from that litigation." *Fogleman v. Aramco*, 920 F.2d 278, 286 (5th Cir. 1991). Consequently, a party seeking recovery of costs may not be reimbursed for expenses incurred merely for the "convenience of counsel." *Id*. at 285; *see also Kellogg Brown & Root Intern., Inc. v. Altanmia Commercial Marketing Co. W.L.L.*, No. H−07−2684, 2009 WL 1457632, at *12 (S.D. Tex. May 26, 2009).

When the party being taxed specifically objects to costs, the party seeking reimbursement must verify that the costs were "necessarily incurred in the case." *Neutrino Devel. Corp. v. Sonosite, Inc.*, No. H−01−2484, 2007 WL 998636, at *2 (S.D. Tex. March 30, 2007).

## II.     DISCUSSION

Miller, as the prevailing party in the case, requests costs and attorneys' fees. The Supreme Court has explained that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a

reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The district court may increase or decrease the amount of attorney's fees based on a number of factors, including the time and labor required; difficulty of the question; skill needed; amount involved, and results obtained; time limitations imposed by the case; and experience, reputation, and ability of the lawyers. *See id*. at 434–37; *Johnson v. Ga. Highway Express, Inc*., 488 F.2d 714, 717–19 (5th Cir. 1974). "The determination of a reasonable attorney's fee is left to the sound discretion of the trial judge." *Weeks v. S. Bell Tel. and Tel. Co*., 467 F.2d 95, 97 (5th Cir. 1972).

Under 28 U.S.C. § 1920, Plaintiff requests Defendant be ordered to pay various listed costs totaling $17,823.09. Plaintiff's attorneys request to be billed at the following hourly rates: $485 for attorney Mike Scanes, $375 for attorney Joel Shields, and $125 for paralegal Dana Scanes. Plaintiff's attorneys request compensation for a total of 622.25 hours of work for a total of $239,318.75, which they suggest already capture the entirety of the *Johnson* factors relevant to the case and thus should not be lowered.

In support of the proffered number of hours reasonably expended. Plaintiff's attorneys cite to the fact that all time for work performed by attorneys Ben Yelverton and Tyler Talbert, and paralegal Susan Eskew was removed from the case in order to list a smaller amount of attorneys in the requested fee award. Plaintiff's attorneys further included a detailed accounting of hours charged as well as which increments were eliminated or reduced from the requested reward.

In support of the suggested reasonable hourly rates, Plaintiffs submitted affidavits from each of the listed lawyers and the listed paralegal and contend that each rate is at or below the median rate adjusted for inflation in the Western District of Texas for lawyers of comparable experience.

Defendant argues that the requested reward of attorney's fees should be reduced. Specifically, Defendant contends that the Plaintiff's proposed lodestar fee should be reduced and that the reduced lodestar fee should be adjusted downward based on the Johnson factors. The Court will examine each of these arguments in turn.

First, Defendant contends that the proposed lodestar fee should be reduced because Plaintiff's fee invoice reveals duplicative billing, unnecessary billing, block billing, billing for other cases, and billing that cannot be determined because how it was redacted. Defendant does not contest the reasonableness of the hourly rates charged by Plaintiff's attorneys. Notably, in their reply, Plaintiff's attorneys conceded that they included unrecoverable clerical fees in their fee request and agreed to withdraw $2,500 in fees from its request.

After carefully reviewing the arguments of the parties and all evidentiary submissions, the Court finds that Plaintiff's originally requested 622.25 hours should be reduced to 557.0 hours divided in the same proportion amongst the listed attorneys resulting in a lodestar fee of $203,336.00. The reductions to these hours are made for the reasons cited in Defendants response as well as by factoring in Plaintiff's concession for fees that should be removed. While the Court does not find that Plaintiff engaged in block billing or in unnecessary billing for other cases, the Court finds that the vague descriptions of certain entries make it difficult to determine the reasonableness of billing. Given the low complexity of the case, this Court finds it appropriate to reduce the overall hours by a small percentage. *See Monarch Investments, LLC v. Aurrecoechea*, No. A-14-CA-01019-SS, 2017 WL 1034647, at *4 (W.D. Tex. Mar. 16, 2017) (quoting *Harper v. City of Chi. Heights*, 223 F.3d 593, 605 (7th Cir. 2000)). This decrease of 15% is, as Plaintiff points out, more accurately tied to the number of hours Defendant identified as wrongfully billed.

Second, Defendant argues that the lodestar fee should be adjusted downward based on the *Johnson* factors. Defendant's argument centers mainly on the factor pertaining to the degree of success obtained. Defendant accurately points out that the Fifth Circuit has determined that "degree of success" is the most critical factor in determining the reasonableness of attorney's fee. *See Fessler v. Porcelana Corona De Mexico*, S.A. DE C.V., 23 F.4th 408, 418 (5th Cir. 2022). That said, the Court disagrees with Defendant's assertion that Plaintiff was only partially successful in this case. Plaintiff's attorneys received excellent results in this case. While Plaintiff did not prevail for every dollar requested in the lawsuit, the jury found in favor of Plaintiff on his one claim for the entire amount of back pay sought and almost the maximum amount of compensatory damages sought. While it is indeed true that this Court found against rewarding the Plaintiff front pay, it did so because it would result in a windfall to the Plaintiff when factoring in the *Reneau* factors and Plaintiff's substantial compensatory damages reward. Thus, the limitation in award was not based on the aptitude of the attorneys and should not be a factor in reducing the lodestar amount.

Still, the Court finds that other *Johnson* factors counsel in favor of a slight reduction in the lodestar amount. This was a simple case with a single claim lasting less than a year from complaint to trial. The case was tried in less than two days with only four hours of testimony given per side and no additional time requested. The Court finds that a reduction of 10% is reasonable. This amount is separate from the amount deducted from the reasonable hours factored into the lodestar. When applied to the adjusted lodestar amount, the Court finds that the total amount of fees granted should be $183,002.40.

The Court does not find that any of the requested costs are inadequately documented or unrecoverable and thus grants the entirety of the requested $17,823.09 in costs. When combined

with attorney's fees, the Court finds that Defendant owes Plaintiff $200,825.49 in fees and costs plus interest.

Finally, the parties appear to agree that Plaintiff is entitled to post-judgment interest on the award, which the Court agrees Plaintiff is entitled to. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 332 (5th Cir. 1995).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion For Attorney's Fees and Costs (Dkt. 57) is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant, Texas Alcoholic Beverage Comission, pay to Plaintiff, in care of his attorneys of record, attorney's fees and costs in the amount of $200,825.49, plus post-judgment interest on the amount from June 9, 2022.

SIGNED this 31st day of March, 2023.

JAMES R. NOWLIN
SENIOR U.S. DISTRICT JUDGE