**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **MARLIN SHAWN MILLER,** *Plaintiff* | § § § | |
| | § | A-21-CV-00204-JRN |
| -vs- | § § | |
| **TEXAS ALCOHOLIC BEVERAGE COMMISSION,** *Defendant* | § § § § | |

## ORDER

Before the Court in the above-entitled cause of action are Plaintiff Marlin Shawn Miller's Motion to Amend Final Judgment (Dkt. 58) and Defendant Texas Alcoholic Beverage Commission ("TABC")'s Renewed Motion for Judgment as a Matter of Law or in the Alternative Motion for New Trial (Dkt. 60). After a thorough consideration of the parties' arguments, the evidence presented, and the procedural history of this case, the Court submits the following order.

### I. PROCEDURAL BACKGROUND

On March 3, 2021, Plaintiff Marlin Shawn Miller ("Miller") commenced this action against Defendant Texas Alcoholic Beverage Commission ("TABC") under Title VII alleging he was unlawfully terminated. On March 1, 2022, the Court empaneled a jury, and trial commenced in this case. On March 2, 2022, the parties closed, the Court charged the jury, and the jury retired to deliberate on a verdict. On the same day, the jury returned a unanimous verdict in favor of the Plaintiff.

At trial, TABC moved for a directed verdict based on lack of evidence of causation and pretext both at the conclusion of Plaintiff's case as well as at the close of evidence. On July 6,

2022, Plaintiff filed the instant Motion to Amend, and on July 7, 2022, Defendant filed the instant Motion for Judgment as a Matter of Law.

## II.   DISCUSSION

### A.   Motion to Amend

Plaintiff asks the Court again to reconsider its decision to deny front pay, proffering the same arguments that were denied orally at trial and again in the Court's Entry of Judgment. The Court remains unconvinced.

The decision to award front pay damages "is governed by the district court's discretion and is not always appropriate." *Floca v. Homcare Health Servs. Inc.*, 845 F.2d 108, 112 (5th Cir. 1988). Further, a substantial compensatory damages award may indicate than an award of front pay is inappropriate. *See Reynolds v. Octel Communications Corp.*, 924 F.Supp. 743, 748 (N.D. Tex. 1995). The Fifth Circuit has identified six factors relevant to the determination of a front pay award: "(1) the length of prior employment, (2) the permanency of the position held, (3) the nature of the work, (4) the age and physical condition of the employee, (5) possible consolidation of jobs, and (6) the myriad other non-discriminatory factors which could validly affect the employer/employee relationship." *Downey v. Strain*, 510 F.3d 534, 544 (5th Cir. 2007) (citing *Reneau v. Wayne Griffin & Sons, 3 Inc.*, 945 F.2d 869, 871 (5th Cir. 1991)). Having considered the facts of the case, the Court finds that in light of the *Reneau* factors and substantial compensatory damages award, any front pay would result in a windfall to the Plaintiff. *See Palasota v. Haggar Clothing Co.*, 499 F.3d 474, 491 (5th Cir. 2007).

### B.   Motion for Judgment as a Matter of Law

Defendant asks that the Court grant TABC judgment as a matter of law based on a perceived lack of evidence as to causation. In the alternative, Defendant moved for a new trial.

Courts are "wary of upsetting jury verdicts" and will uphold a jury verdict unless the facts and inferences point so overwhelmingly in favor of one party that reasonable jurors could not have arrived at a contrary verdict. *Goodner v. Hyundai Motor Co., Ltd*., 650 F.3d 1034, 1039 (5th Cir. 2011). The Court views all evidence in a light most favorable to Miller and grant all inferences that may be reasonably drawn in his favor.

In a Title VII retaliation case, a plaintiff must put forth evidence showing the prima facie elements that: "(1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action." *McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007). Showing causation requires the plaintiff to show that "but-for" his protected activity, he would not have been terminated. *Univ. of Texas Sw. Medical Center v. Nassar*, 133 S.Ct. 2517, 2533 (2013).

Defendant's argument centers on the fact that Miller did not offer any evidence of causation *except* for testimony of knowledge by the decisionmaker that Miller was a witness in an investigation against the person making the decision to fire him. The Court finds that there exists sufficient evidence to show that a causal connection existed between the protected activity and the adverse employment action. Plaintiff points out a number of reasons a jury could reasonably conclude that Kuykendoll was concerned about Miller's participation as a witness against him in the investigation and retaliated against Miller such as: (1) Miller's proximity to Jergins during the butt-grabbing incident, (2) that Miller was the only witness initially identified, and (3) Miller's previous willingness to provide testimony against Kuykendoll in another investigation. The jury was also presented with evidence that Kuykendoll personally chose Miller for termination and that any temporal gap in the termination may have been caused by his

inability to terminate Miller prior to the "at-will" termination process that was later implemented. Combined with the evidence presented that Miller was a good employee, it is reasonable that a jury could find that Kuykendoll was waiting for the "right moment" to retaliate against Miller.

Defendant also attempts to argue that Plaintiff presented insufficient evidence that the employer's proffered non-retaliatory reasons for termination were not true but instead were pretextual. The Court finds this argument extremely unconvincing in light of TABC's at-will termination policy and evidence presented at trial. The jury saw evidence of stale complaints, shifting, undocumented reasons for Miller's termination, and a failure to apply discipline policy consistently. From this, it reasonably concluded that the proffered reasons for termination were pretextual. Defendant's argument that the termination of four other agents undermined the jury's conclusion is similarly unconvincing. Thus, the Court finds that the jury had a reasonable basis for its verdict and denies both the Motion for Judgment as a Matter of Law and the Motion for New Trial.

### III. CONCLUSION

For the reasons given above,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Judgment (Dkt. 58) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Judgment as a Matter of Law (Dkt. 60) is **DENIED.**

**IT IS FINALLY ORDERED** that Defendant's Motion for New Trial (Dkt. 60) is **DENIED.**

SIGNED this 31st day of March, 2023.

**JAMES R. NOWLIN**
**SENIOR U.S. DISTRICT JUDGE**